IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHELLY R. HOGARD                                                            PLAINTIFF

vs.                                    Civil No. 2:20-cv-02247

KILOLO KIJAKAZI                                                          DEFENDANT
Commissioner, Social Security Administration

<u>**REPORT AND RECOMMENDATION**</u>
<u>**OF THE UNITED STATES MAGISTRATE JUDGE**</u>

Shelly R. Hogard ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

application for a period of disability, Disability Income Benefits ("DIB") and Supplemental

Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.     <u>**Background:**</u>

Plaintiff filed her disability application on August 22, 2018. (Tr. 11). [1]   Plaintiff alleged

disability due to PTSD (posttraumatic stress disorder); depression; anxiety; arthritis;

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 12. These references are to the page number of the transcript itself and not the ECF page number.

hypothyroidism; COPD (chronic obstructive pulmonary disease); and disassociation disorder.  (Tr. 233).  Her applications were denied initially and again upon reconsideration.  (Tr. 11).

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted.  (Tr. 153-205).  This hearing was held on January 8, 2020.  (Tr. 34-58).  At this hearing, Plaintiff was present and represented by counsel, Laura McKinnon.  *Id.*  Plaintiff and Vocational Expert, ("VE") Katrina Mason testified at this hearing.  *Id.*

On June 30, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's disability applications.  (Tr. 11-27).  In his decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2017.  (Tr. 13, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2014.  (Tr. 13, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: essential tremors; major depressive disorder; generalized anxiety disorder; PTSD; and borderline personality disorder.  (Tr. 14, Finding 3).  The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 15-26, Finding 5).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found they were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff had the RFC to perform medium work except could perform work where interpersonal contact is incidental; where tasks should be no more complex than those

2

learned and performed by rote, with few variables and little judgment; and where supervision is simple, direct, and concrete.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was capable of performing her PRW as a painter.  (Tr. 26, Finding 6).  In accordance with this finding, the ALJ determined Plaintiff was not under a disability, as defined by the Act, from her alleged onset date of January 1, 2014, through the date of the decision.  (Tr. 26, Finding 7).

Plaintiff sought review with the Appeals Council.  (Tr. 1-7).  The Appeals Council denied this request.  *Id.*  On December 31, 2020, Plaintiff filed a Complaint in this case.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 14, 16.  This matter is now ripe for consideration.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).  It is well-established

that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record.  ECF No. 14 at 7-20.  Specifically, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in failing to develop the record, (2) the ALJ erred in the RFC determination, and (3) the ALJ erred in the Step 4 determination.  *Id.*  Upon review, the Court finds the ALJ erred in the Step 4 determination.  According, the Court will only address this issue for reversal.

At step four, the ALJ determines "whether a claimant's impairments keep [her] from doing past relevant work."  *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007) (quoting *Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996)).  If "the claimant has the [RFC] to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled."  *Lowe v. Apfel,* 226 F.3d 969, 973 (8th Cir. 2000).  The burden at step four remains with the claimant to prove his RFC and establish that he cannot return to her past relevant work.  *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009); *Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir. 2006); *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005).

Social Security Ruling 82-62 requires an ALJ to obtain sufficient evidence to make a determination as to whether a claimant has the RFC to perform the physical and mental demands of her past work. In finding that an individual has the capacity to perform a past job, the determination or decision must contain: (1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job; and (3) a finding of fact that the individual's RFC would permit a return to her past work.

A claimant can perform her past work if (1) she retains the RFC to perform the functional demands and job duties of a past job as "she actually performed it;" or (2) she retains the RFC to perform the functional demands and job duties of a past relevant job as "it is usually performed in the national economy" based on the DOT or other similar source.  The ALJ must use caution that he considers a claimant's specific past relevant work and avoid painting a claimant's past relevant work "with an overly broad brush," by simply considering a similar definition.  *Evans v. Shalala*, 21 F.3d 832 (8th Cir. 1994).   Although not required, the ALJ may elicit testimony from a vocational expert in evaluating a claimant's capacity to perform past relevant work.  *Wagner*, 499 F.3d at 853-54 (citing 20 C.F.R. § 404.1560(b)(2)).

In this matter, the ALJ's finding that Plaintiff could perform her past relevant work does not contain any analysis or discussion but only the ALJ's bare conclusion.  The limited hearing testimony was that Plaintiff painted houses, churches and schools.  (Tr. 39).  The ALJ found Plaintiff had the RFC to return to her PRW as a painter using DOT #740.684-022.  Plaintiff is correct that the record lacks evidence Plaintiff ever performed industrial painting as a hand painter, drum painter, brush painter, or mannequin painter, which are four alternative titles.

It is recommended the ALJ further develop the record regarding Plaintiff's PRW as a painter.  Specifically, the ALJ is directed to obtain evidence to clarify the specific physical and mental demands of this work.  This will allow the ALJ to properly analyze whether Plaintiff's RFC will allow her to return to this work.

Accordingly, remand is necessary for the ALJ to obtain evidence to clarify the specific demands of Plaintiff's past relevant work; and to determine if Plaintiff's restrictions will affect her ability to perform this work.  *See Ingram v. Chater*, 107 F.3d 598, 604 (8th Cir. 1997) ("The ALJ

must make explicit findings regarding the actual physical and mental demands of the claimant's past work.  Then, the ALJ should compare the claimant's residual functional capacity with the actual demands of the past work...").  If after proper review of an adequately developed record, the ALJ finds that Plaintiff cannot return to her past relevant work, the burden will shift to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can perform.  *Sells v. Shalala,* 48 F.3d 1044 (8th Cir. 1995).

4.    <u>**Conclusion:**</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 11th day of March 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE